**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> BLACKBERRY LIMITED and § <br> BLACKBERRY CORPORATION § <br> § <br> Defendants. § | CIVIL ACTION NO. 2:16-cv-773 <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Sentius International, LLC ("Sentius" or Plaintiff), files this first amended complaint against the above-named Defendants, alleging based upon its own knowledge as to itself and its own actions, and based upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement which arises under the Patent Laws of the United States, Title 35 United States Code ("U.S.C.") 35 U.S.C. § 1 *et seq*., including 35 U.S.C. §§ 271, 281, 283, 284, and 285, to prevent defendant BlackBerry Corporation (hereinafter "Defendant") from infringing and profiting without authorization and consent from Sentius by its use of the technology covered by U.S. Patent Nos. RE40,731 (the "'731 patent", attached hereto as Exhibit "A") and RE43,633 (the "'633 patent", attached hereto as Exhibit "B") and to recover damages, attorney's fees, and costs pursuant thereto.

**THE PARTIES**

2.      Plaintiff Sentius is a Virginia entity with its principal place of business at 8300

Greensboro Drive, Suite 800, McLean, VA, 22102.

3. Defendant BlackBerry Limited is a corporation organized under the laws of Canada with its principal place of business at 2200 University Ave East, Waterloo, Ontario, Canada, N2K 0A7. Upon information and belief, Defendant may be served with process through its registered agent, BlackBerry Corporation.

4. Defendant BlackBerry Corporation is a corporation organized under the laws of Delaware, with a place of business at 5000 Riverside Drive, Irving, Texas, USA, 75039. Upon information and belief, Defendant may be served with process through its registered agent, Corporate Creations Network Inc., 3411 Silverside Road, #104 Rodney Building, Wilmington, DE 19810.

5. BlackBerry Limited and its wholly owned subsidiary BlackBerry Corporation are collectively referred to here as "BlackBerry".

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) because the action arises under the Patent Laws of the United States, 35 U.S.C. §§ 271 *et seq*.

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(b). Defendant has transacted business in this district and has committed acts of patent infringement in this district.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this

judicial district.

9. Defendant maintains a regular and established place of business in Irving, Texas.

10. Defendant has conducted and does conduct business within the state of Texas, including the geographic region within the Eastern District of Texas, directly or through intermediaries, resellers or agents, or offers for sale, sells, advertises (including through the use of interactive web pages with promotional material) products or services, or uses services or products in Texas, including this judicial district, that have infringed the '731 and '633 patents.

11. Specifically, Defendant solicits business from and markets its products to consumers within Texas, including the geographic region within the Eastern District of Texas, by offering BlackBerry products for said Texas consumers that include certain spell check features in an infringement of the '731 and '633 patents.

12. In addition to Defendant's continuously and systematically conducting business in Texas, the causes of action against Defendant are connected (but not limited) to Defendant's purposeful acts committed in the state of Texas, including the geographic region within the Eastern District of Texas, including Defendant's making, using, offering for sale, or selling products that include features that fall within the scope of at least one claim of the '731 and '633 patents.

### DIRECT INFRINGEMENT OF THE '731 AND '633 PATENTS

13. On June 9, 2009 and September 4, 2012, respectively, the United States Patent and Trademark Office ("USPTO") duly and legally reissued the '731 patent and the '633 patent, both entitled "System and Method for Linking Streams of Multimedia Data to Reference Material for Display" (the "Reissue Patents.") (Exhibits A and B).

14. Sentius is presently the owner of the patents, having received all right, title and

interest in and to the '731 and '633 patents from the previous assignee of record. Sentius possesses all substantive rights in and to the patents, including the sole and exclusive right to prosecute this action and enforce the '731 and '633 patents against infringers, and to collect damages for all relevant times.

15. The '731 and '633 patents generally cover a system which determines the beginning position address of text in a document, parses the document text into at least two pieces, determines the starting and ending point address of at least one piece of text relative to the beginning position address, records the starting and ending point addresses of that piece of text in a look-up table along with a link to at least one of a plurality of external reference materials, displays an image of the document's text, allows a user to select a portion of the displayed document text, determines the display address for the selected portion of the displayed document text, converts the display address to an offset value from the beginning position address, compares the offset value to the starting and ending point addresses recorded in the look-up table to identify one of the pieces of text, selects one of the plurality of external source material corresponding to the identified piece of text, retrieves the selected one of the plurality of external reference materials, and displays the retrieved external materials.

**DEFENDANT'S PRODUCTS**

16. The Accused Products include BlackBerry's Smartphones and other electronic devices having such Blackberry features as its Mail, Messenger and Memo applications made, used, sold or offered for sale within the United States or imported into the United States at least between July 14, 2010 and February 12, 2014. The Accused Products infringe at least claim 95 of the '731 patent and at least claims 17, 18, 22, 50, and 51 of the '633 patent.

17. The Accused Products include a "red squiggly" spell check feature that determines the beginning position address of text in a document, parses the document text into

properly spelled words and misspelled words, determines the starting and ending point address of each misspelled word relative to the beginning position address, records the starting and ending point addresses of each misspelled word in a look-up table along with a link to at least one suggested spelling for the misspelled word contained in a spell check dictionary, displays an image of the document text, allows a user to select a portion of the displayed document text [corresponding to a misspelled word], determines the display address for the selected portion, converts that display address to an offset value from the beginning position address of the document text, compares the offset value to the starting and ending point addresses recorded in the look-up table to identify the corresponding text string, selects a suggested spelling from the spell check dictionary for that text string, retrieves the suggested spelling from the spell check dictionary, and displays the suggested spelling in a pop-up window near the misspelled word.

## INFRINGEMENT OF THE '731 AND '633 PATENTS

18.     The Accused Products infringe at least claim 95 of the '731 patent and at least claims 17, 18, 22, 50, and 51 of the '633 patent.

19.     In violation of 35 U.S.C. § 271, Defendant is now, and has been directly infringing the '731 and '633 patents.

20.     Defendant has had knowledge of infringement of the '731 and '633 patents at least as of the service of the present first amended complaint.

21.     Defendant has directly infringed at least claim 95 of the '731 patent and at least claims 17, 18, 22, 50, and 51 of the '633 patent by making, using, importing, offering for sale, and/or selling the Accused Products without authority in the United States, and will continue to do so unless enjoined by this Court. As a direct and proximate result of Defendant's direct infringement of the '731 and '633 patents, Plaintiff has been and continues to be damaged.

22.     By engaging in the conduct described herein, Defendant has injured Sentius and is thus liable for infringement of the '731 and '633 patents, pursuant to 35 U.S.C. § 271.

23. Defendant has committed these acts of infringement without license or authorization.

24. As a result of Defendant's infringement of the '731 and '633 patents, Sentius has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

25. Sentius and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

## DEMAND FOR JURY TRIAL

26. Sentius requests a trial by jury of any and all causes of action.

## PRAYER FOR RELIEF

WHEREFORE, Sentius prays for the following relief:

a. That Defendant be adjudged to have directly infringed the '731 and '633 patents either literally or under the doctrine of equivalents;

b. That Defendant, its officers, directors, agents, servants, employees, attorneys, affiliates, divisions, branches, parents, and those persons in active concert or participation with any of them, be permanently restrained and enjoined from infringing the '731 and '633 patents;

c. An award of damages pursuant to 35 U.S.C. §284 sufficient to compensate Sentius for the Defendant's past infringement including compensatory damages;

d. An assessment of pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. §284;

e. That Defendant be directed to pay enhanced damages, including Sentius' attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. §285; and

f. That Sentius have such other and further relief as this Court may deem just and

- 7 -

proper.

Dated: July 15, 2016

Respectfully Submitted,

By: */s/Sandeep Seth*
Sandeep Seth
Texas State Bar No. 18043000
**SethLaw**
Two Allen Center
1200 Smith Street, Ste. 1600
Houston, TX 77002
Telephone: (713) 244-5017
Facsimile:  (713) 244-5018
Email: ss@sethlaw.com

Robert J. Yorio
California State Bar No. 93178
**Carr & Ferrell LLP**
120 Constitution Drive
Menlo Park, CA 94025
Telephone: (650) 812-3453
Facsimile: (650) 812-3444
Email: ryorio@carrferrell.com

**ATTORNEYS FOR PLAINTIFF
SENTIUS INTERNATIONAL, LLC**