# EXHIBIT 26

**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
TEXAS MARSHALL DIVISION**

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 2:16-CV-773 |
| BLACKBERRY LIMITED and BLACKBERRY CORPORATION | **JURY TRIAL DEMANDED** |
| Defendants. | |

## Supplemental Declaration of Dr. Vijay Madisetti Re Selex Case

I, Vijay Madisetti, declare as follows:

1. I have reviewed Blackberry's Responsive Claim Construction Brief and observed that Blackberry attached my claim construction testimony in the Selex v. Google case (*see* Dkt. Nos. 63 and 63-2) and asserted there is inconsistency between my testimony the Selex case and my testimony in this case.

2. I submit this declaration to resolve the asserted inconsistency

3. First, the patent in the Selex case, U.S. Patent 6,308,070 is directed to telephone monitoring systems and its specification is unrelated to the specification of the patents at issue here.

4. Second, in the Selex case, and following my understanding of the case law as given to me by counsel, I reached the option that one claim term, "control means for monitoring a telephone number dialed by a user" to be indefinite for lacking structure. In particular, I observed at paragraph 160 of my Selex claim construction declaration that "if the specification fails to disclose [the specific algorithm to perform the recited function], then the element is indefinite as a person skilled in the art is unable to determine the claimed structure that performs the recited function." I also specifically noted in paragraph 161 of that declaration that "a disclosed algorithm for performing the 'monitoring function' is especially necessary because the applicant considered the 'monitoring means' to be a novel feature of the '070 patent."

5. In this action, in contrast, and as I discussed in greater detail in my original claim construction declaration submitted with the Sentius Opening Claim Construction brief (*see* Dkt No. 47-14)), the claimed invention recites an overall algorithm implemented by software to add additional new and useful functionality

Declaration of Dr. Vijay Madisetti - 1

to the then conventional functionality of a visual editor. The overall algorithm is broken down in the claim to 13 individual steps, each of which is incorporated into its MPF format claim element implemented via software modules. Each claim element, in turn, individually relies on entirely conventional and known windows based operating system techniques and visual editor techniques to apply the algorithmic steps set forth in specification. The known visual editor techniques used by the present invention include (1) opening a text file in a visual editor; (2) parsing the open text file to identify the character strings and locations of words in a document including the starting and ending positions thereof relative to the beginning of the document; (3) mapping the relative locations of the words in the document to screen positions so that the visual editor can display portions of the document in a "what you see is what you get" format on a screen and take in user input from the screen; and (4) identifying where in a document a user has provided a user input by converting the screen location of the user input to an offset within the document relative to the beginning of the document. The other known techniques the present invention takes advantage of are basic functions such as storing data in a look-up table, looking up the data stored in the look up table, using pointers to identify and retrieve the pointed to data; and displaying the data on the screen.

6. Thus, here, the claim elements apply a set of well known techniques to implement the claimed functionality to provide a more efficient way of linking words in a document to external reference information. Indeed, prior to these patents there were no spell checkers that dynamically tracked the changing location of misspelled words in documents as they were being edited or that put the red

squiggly underline under the misspelled word so that a user could readily click on a screen somewhere over a displayed word to indicate to the system for what word the additional information was required.  Now, the algorithm of the present invention has become the standard way of implementing such functionality.

7. This case is not like the Selex case but more like the Federal Circuit *Enfish* case. *Enfish, LLC v. Microsoft Corp.,* 822 F.3d 1327 (Fed. Cir. 2016).  Here, as in *Enfish*, there are no "black boxes" to one of ordinary skill the art because each claim element relies on well-known techniques for performing the recited functions via common structures such as look-up tables, grammar parsers, visual editors, links/pointers and basic operating system functions like storing data, looking up data, resolving a link, retrieving data, and displaying data.  Such known software or programming techniques are no less definite for computer implement inventions as are known mechanical structures for mechanically implemented inventions.

8. Therefore when read in light of the algorithmic and other structures described in the specification, and the knowledge of one of ordinary skill the art, such a person would have understood the disclosure to encompass the required structure.

9. This declaration is intended only to briefly resolve the alleged discrepancy between my Selex testimony and my testimony in this case that was raised by Defendants for the first time in their Response Brief.  That it does not address other matters contained in Defendants Responsive Claim Construction Brief or its accompanying paperwork should not be taken as agreement with other aspects thereof, for at least the reasons set forth in my original declaration submitted herein.

I declare that the foregoing is true and correct.

Executed on June 16, 2017            _____
                                                         Dr. Vijay Madisetti