**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SENTIUS INTERNATIONAL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BLACKBERRY LIMITED and<br>BLACKBERRY CORPORATION,<br><br>    Defendants. | CIVIL ACTION NO. 2:16-CV-773 |

**DEFENDANTS' SUR-REPLY CLAIM CONSTRUCTION BRIEF**

Defendants file this sur-reply to correct a manifest error of law in Sentius's reply brief. Citing *Enfish v. Microsoft*, 822 F.3d 1327 (Fed. Cir. 2016), Sentius argues the "current controlling law" "holds that algorithms for known functions need not be disclosed." (Dkt. 66 at 1). That is not the current controlling law, and *Enfish* holds no such thing.[1] The patents-at-issue in *Enfish* explicitly disclosed a "four-step algorithm," *see* 822 F.3d at 1336, and the indefiniteness issue in *Enfish* was whether the algorithm was sufficient structure under § 112, ¶ 6 for the function of "configuring said memory according to a logical table." *Id.* at 1340. The Federal Circuit, after evaluating the algorithm, held "[t]he fact that this algorithm relies, *in part*, on techniques known to a person of skill in the art does not render the composite algorithm insufficient under § 112, ¶ 6." *Id.* (italics in original). In other words, an algorithm's reliance on a known technique does not *by itself* make the algorithm disclosure insufficient, but that does not

---

[1] Sentius apparently would like to recast the following language from *Enfish* as a wholesale change in MPF law: "while it is true that the patentee need not disclose details of structures well known in the art, the specification must nonetheless disclose some structure." *Id.* at 1339-40. But even this sentence, which serves as the basis for Sentius's mischaracterization of the law, expressly states that "the specification must nonetheless disclose some structure."

mean that no corresponding algorithm needs to be disclosed for so-called "known functions," as Sentius incorrectly states in its reply brief. *See* Dkt. 66 at 1.

In *Enfish*, the Federal Circuit also cited with approval and reaffirmed its holding in *EON Corp. v. AT&T Mobility LLC*, 785 F.3d 616 (Fed. Cir. 2015), that "'the corresponding structure for a function performed by a software algorithm is the algorithm itself.'" *Enfish*, 822 F.3d at 1336 n.3. The distinguishing difference between *Enfish* and this case is that the patents at issue in *Enfish* (unlike the patents-in-suit here) actually disclosed an algorithm.

On November 17, 2016, six months after deciding *Enfish*, the Federal Circuit issued its decision in *Alfred E. Mann Foundation for Scientific Research v. Cochlear Corp.*, 841 F.3d 1334 (Fed. Cir. 2016). This decision confirms that *Enfish* did not change the law. Like *Enfish*, the issue in *Alfred E. Mann* was whether the specification disclosed sufficient structure for two software-based means-plus-function limitations, namely, a "means for generating data indicative of the audio signal" and "external processor means for . . . processing the status-indicating signals to derive information therefrom." *Alfred E. Mann*, 841 F.3d at 1342-43, 1344-45.

Judge Hughes, the author of *Enfish*, also wrote the majority opinion in *Alfred E. Mann*. He began by reiterating the Federal Circuit's position that "[i]n cases involving a computer-implemented invention, we have held that the structure must be more than a general purpose computer or a microprocessor, unless in the rare circumstance, any general purpose computer without any special programming can perform the function. Where the structure is a general purpose computer or microprocessor, 'requiring disclosure of an algorithm properly defines the scope of the claim and prevents pure functional claiming." *Alfred E. Mann*, 841 F.3d at 1342 (internal citations omitted).

In addressing the two means-plus-function limitations at issue, the *Alfred E. Mann* court first noted that a microprocessor was the corresponding structure for both limitations. *Id.* at 1342. For the first limitation – the "means for generating data indicative of the audio signal" – the patentee argued the limitation was not indefinite because the specification disclosed the microprocessor using a "logarithmic conversion function" to perform the claimed function. *Id.* at 1343. The Federal Circuit rejected this argument and held the claim limitation indefinite for two independent reasons. *First*, the patent did not disclose which component performed the logarithmic conversion function and *second*, the logarithmic conversion could be implemented through multiple algorithms. *Id.* at 1344. The Federal Circuit also rejected the patentee's argument that "a person of ordinary skill in the art would know of potential logarithmic conversion functions to implement" because the knowledge of one of ordinary skill "does not create structure in the patent where there was none to begin with." *Id.* at 1344.

With respect to the other limitation at issue – the "external processor means for . . . processing the status-indicating signals to derive information therefrom" – the issue was whether this limitation was indefinite because the processor applied Ohm's Law to calculate impedance but the specification did not explicitly identify Ohm's Law. *Id.* at 1345. The Federal Circuit held that because the patent specification disclosed that impedance is calculated based on voltage and current and because *both parties*' experts agreed that a person of ordinary skill would know to apply Ohm's Law to voltage and current to calculate impedance, the failure to expressly recite Ohm's Law in the specification did not render the limitation indefinite. *Id*. That does not apply here.

Here, the means-plus-function limitations that Defendants argue are indefinite in Sentius's patents do not disclose a corresponding algorithm for performing the claimed

functions, do not specify which component allegedly performs the claimed functions, and are not like Ohm's Law where there is only one "famous and well known" algorithm to perform the claimed functions. Thus, the limitations are indefinite under both *Enfish* and *Alfred E. Mann*.

For that reason, Sentius's attempts to resort to the visual editor, grammar parser and electronic viewer module as corresponding structure – issues raised for the first time in its reply brief – are unavailing.[2] A "visual editor" is *not* an algorithm, nor is a "grammar parser" or "electronic viewer module." These are the type of "black box" disclosures that the Federal Circuit has resoundingly rejected. *See Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1337-38 (Fed. Cir. 2014) ("[s]imply disclosing a black box that performs the recited function is not a sufficient explanation of the algorithm required to render the means-plus-function term definite"). Furthermore, while Sentius's expert may assert that visual editors were well known at the time of the invention, he notably makes no such assertion with respect to "grammar parsers" or "electronic viewer modules" in his declaration. *See* Dkt. 54-6. *Id.* ¶ 129. And nowhere in the '731 Patent is the "grammar parser" or "electronic viewer module" described as being part of the "visual editor"; in fact, Figure 1 shows they are separate and different entities.

Moreover, the specification does not even describe the "visual editor" performing the "means for determining a display address" and "means for converting" limitations, which both take place after the "textual source material" has been displayed to the end-user in the "means for displaying an image of the textual source material image" limitation. The specification describes that the "visual editor 19 [is] used to build a wordified database 20," and then that "database 20

---

[2] In its reply brief, Sentius misrepresents that it "has explicitly pointed out multiple portions of the specification which describe … the visual editor to convert the display address to an offset value," even citing to its opening brief (*see* Dkt. 66 at 10), despite the fact that the visual editor is never disclosed in this section of the opening brief or on the pages to which Sentius cites.

sources a grammar parser 23 and a link engine 22 that builds an index 21 which, in turn, locates each textual and audio/video reference in the source material." '731 Patent, 5:10-16. That is, the "visual editor," at most, is used for the steps prior to displaying to the end-user. The "electronic viewer module," on the other hand, is what is "used to view and read the electronic books provided with the language learning system ('731 Patent, 5:34-36), which is where the "means for determining a display address" and "means for converting" limitations take place. *See also id.* at 5:29-33 Thus, Sentius's argument that the simple phrase "visual editor" provides an algorithm for these limitations cannot be correct. Indeed, just as the limitation in *Alfred E. Mann* was indefinite because logarithmic conversions could be implemented through multiple algorithms, disclosing the broad class of visual editors is insufficient when no particular visual editor or small subset of visual editors are disclosed.

In sum, the Federal Circuit has made clear that "[a] microprocessor or general purpose computer lends sufficient structure only to basic functions of a microprocessor. All other computer-implemented functions require disclosure of an algorithm." *EON*, 785 F.3d at 623. In fact, the *EON* court referred to Sentius's overall position as "meritless," explaining that "'we have repeatedly and unequivocally rejected this argument: a person of ordinary skill in the art plays no role whatsoever in determining whether an algorithm must be disclosed as structure for a functional claim element.'" *Id. Enfish* did not change this. Here, no algorithms are disclosed for multiple limitations, and thus the claims are indefinite.

Dated:  August 8, 2017              Respectfully Submitted,

        By:  */s/ Sartouk H. Moussavi*
        Michael A. Parks (IL 6217230)
        Anthony F. Blum (IL 6298243)
        Sartouk H. Moussavi (MO 65577)
        THOMPSON COBURN LLP
        55 East Monroe Street, 37th Floor
        Chicago, Illinois 60603
        312-580-2237
        FAX 312-580-2201
        mparks@thompsoncoburn.com
        ablum@thompsoncoburn.com
        smoussavi@thompsoncoburn.com

        ***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of August 2017.

        */s/ Sartouk H. Moussavi*
        Sartouk H. Moussavi