IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SENTIUS INTERNATIONAL LLC, | § | |
| | § | |
| *Plaintiff*, | § | Case No. 2:16-CV-00773-JRG-RSP |
| | § | |
| v. | § | |
| | § | |
| BLACKBERRY LIMITED, | § | |
| BLACKBERRY CORPORATION, | § | |
| | § | |
| *Defendants*. | § | |

## REPORT AND RECOMMENDATION

BlackBerry Limited and BlackBerry Corporation (collectively "BlackBerry") move for partial summary judgment that claim 95 of U.S. Patent No. RE40,731 ("the RE'731 patent") is invalid because it was applied for more than two years after the original patent claims in U.S. Patent No. 5,822,720 ("the '720 patent"), and it is broader than the original claims, in violation of 35 U.S.C. § 251. *See* Dkt. 41. The Court agrees. BlackBerry's motion for partial summary judgment should be granted.

The test for determining whether a reissue claim violates § 251 is relatively straightforward. "A claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent." *Tillotson, Ltd. v. Walbro Corp.*, 831 F.2d 1033, 1037 n.2 (Fed. Cir. 1987). A reissued claim that is broader "in *any* respect" is "broader than the original claims even though it may be narrower in other respects." *Id.* (emphasis added).

The asserted RE'731 patent and the original '720 patent both claim systems for linking source material to external reference material for display. Claim 1 of the original '720 patent claimed a system comprising, among other features, "a source material image including a plurality

1

of discrete pieces having *links* to external reference materials comprising any of textual, audio, video, and picture information." (emphasis added). Under any reasonable construction of the claim, in other words, the system claimed in the '720 patent must have included more than one "link." Claim 95 of the RE'731 patent, by contrast, recites a similar system, but claim 95's system only requires "*a link* to the at least one of the plurality of external reference materials, the plurality of external reference materials comprising any of textual, audio, video, and picture information." (emphasis added). A system that includes only one link to external reference materials would infringe claim 95, provided all other claim requirements were met, under any plausible construction of the claim.

Sentius submits extensive evidence concerning the RE'731 patent's prosecution history, and the reasons it sought reissue, but Sentius's only direct response to the "links" dilemma relies on declarations that purport to establish that claim 95 of the RE'731 patent necessarily requires multiple links to external reference material. *See* Dkt. 47 at 18-19. The text of claim 95, however, is at odds with these declarations. The system of claim 95 clearly requires only one "link" to external reference materials. Sentius's assertion that this issue was considered by the examiner is simply incorrect. The examiner addressed whether claim 95 was broader than the original '720 claims in some respects, but there is no evidence that the examiner explained how claim 95 would only cover a system that included multiple "links" to external reference materials.

Finally, Semtius's reliance on *Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.*, 501 F.3d 1263 (Fed. Cir. 2007) is unavailing. *Forest Laboratories* recognized that a change in a reissue patent that is "only clerical" may not necessarily broaden the reissue claims. *Id.* at 1270. There is no indication, however, that the original claims in the '720 patent referred to multiple "links" by mistake, and even if they did, changing a claim element from plural to singular is not the type of

clerical error contemplated by *Forest Laboratories*, which only addresses an error that would have been readily apparent to a personal of ordinary skill in the art. *See id.* at 1271. Moreover, Sentius's assertion that the change from "links" to "a link" was only a necessary clerical correction is at odds with the claim language in the other asserted patent, U.S. Patent No. RE43,633, which refers only to multiple "links." *See, e.g.*, 11:55-65, Dkt. 1-3. In sum, BlackBerry has met its summary judgment burden of showing claim 95 of the RE'731 patent to be invalid under § 251.

Accordingly,

It is **RECOMMENDED**:

BlackBerry's motion for partial summary judgment, Dkt. 41, should be granted.[1]

**SIGNED this 16th day of August, 2017.**

　　　　　　　　　　　　　　　　　　　　ROY S. PAYNE
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).